THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
AT BLUEFIELD

**Donica Early,**
Adminstratrix of the Estate
of Donald Adams

    Plaintiff,

Vs.                                                  Civil Action No.:   1:14-26075

**City of Bluefield, West Virginia** a municipal corporation;
**J. W. Wilson,** in his official capacity as Chief of Police, **John Doe,**
Unknown City of Bluefield Staff Members

    Defendants.

## COMPLAINT

This is an action to redress the deprivation of rights, privileges and immunities protected by the Constitution and laws of the United States of America, pursuant to 42 USC § 1983 and otherwise. This action also asserts claims under the Constitution, statutes and common law of the State of West Virginia.

1. Plaintiff's relief sought is limited to coverage afforded by applicable liability insurance policies. Each event recounted below occurred in Mercer County, West Virginia. Venue is proper pursuant to 28 U.S.C. §1391.

2. Plaintiff is a citizen of the United States, the State of West Virginia and resides in Logan County, West Virginia, she is the duly appointed administratix of the estate of her father, Donald Adams. A Certificate of Appointment is attached.

3. On October 3, 2014, Donald Early committed suicide while a prisoner in

1

the Bluefield City Jail operated by the City of Bluefield. The jail was under the legal oversight of the Bluefield Police Department and Chief J.W. Wilson.

West Virginia Legislative Rules have the force and effect of law per West Virginia 95 CSR 3. West Virginia Rules, Series 3, are applicable to local detention facilities and the Bluefield City Jail constitutes a local detention facility. Reference is made to Rule 8.9(a), 13.1, 13.3, 13.9 suicide prevention, 13.11.2c, 13.12, 13.14, 13.22a, 17.9 (potential suicide watch) 18.5, 27.8, 27.9, 27.10, 29.2, 29.9, 34.2, 34.5 36.33, all of which were violated, jointly and severally, by defendants.

4. The decedent was permitted by defendants, jointly and severally, to retain his shoes and shoelaces and utilized the shoelaces to construct a noose, with which he took his own life.

5. Video camera(s) which had been installed in the Bluefield City Jail were not operational during the decedent's incarceration and an inmate was assigned by staff to monitor decedent during his incarceration and prior to his death.

6. Defendant City of Bluefield is the duly constituted governmental entity charged with operation of the Bluefield City Jail and charged with the formulation and implementation of its policies, directives, training, supervision, hiring, firing and general operation of its police department and municipal jail.

7. Defendant Doe(s) are unknown individuals who are liable unto the plaintiff in damages. Upon information and belief, each such individual was, or is, employed by the City of Bluefield as a law enforcement officer.

8. Defendant J.W. Wilson is Chief of Police. Defendant Wilson had a duty to exercise due care in hiring, training, supervising, and retaining the Doe defendants as

well as responsibility for the operation of the Bluefield City Jail.

9. Defendant City of Bluefield violated its own enacted jail policies, violated state law and violated national standards applicable to its Municipal Jail, negligently breached a duty to the public, and particularly plaintiff, to properly hire, supervise, train and retain the other defendants. The individual defendant, jointly and severally, violated decedents civil rights, acted with deliberate indifferences.

10. A proximate result of defendants' failure, jointly and severally, to be mindful of decedent's safety, was that plaintiff was not sufficiently protected from committing suicide.

## COUNT ONE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 as if the same were set forth herein verbatim.

The conduct of each defendant was atrocious, intolerable, and so extreme and outrageous as to exceed the bounds of decency and so outrageous as to offend community notions of acceptable behavior, giving rise to a claim of compensatory damages against each defendant.

The acts and omissions of the defendants, jointly and severally, caused severe emotional distress, giving rise to a claim of compensatory damages against each defendant.

The emotional distress suffered is so severe that no reasonable person could have been expected to have endured the same.

## COUNT TWO

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 as if the same were set forth herein verbatim.

3

1 through 10 as if the same were set forth herein verbatim.

Each individual defendant was deliberately indifferent to the personal safety of decedent. Deliberate indifference claims are asserted against the individual defendants.

Protections afforded by the Due Process Clause of the Fourteenth Amendment apply to the acts and omissions of all defendants as each:

    A.    violated decedent's civil rights, or were deliberately indifferent to a violation of his civil rights;

    B.    was acting under color of state law while doing so;

    C.    had actual knowledge of substantial risk of serious harm to detainees or arrestees specifically decedent;

    D.    acted in a manner which was a proximate cause of damages sustained.

## COUNT THREE

Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 10 as if the same were set forth verbatim.

Federal, State law and common law claims and causes of action are asserted per:

    (a)    Deliberate indifference claims;

    (b)    Wrongful Death per *West Virginia Code* §55-7-5, *et seq*;

    (c)    Tort of negligent infliction of emotional distress;

    (d)    Tort of intentional infliction of emotional distress;

    (e)    Tort of negligent supervision;

    (g)    Tort of negligent hiring;

    (h)    Tort of negligent retention;

4

(i) Tort of negligent training.

## COUNT FOUR

As a direct and proximate result of the acts and emissions of the defendants, jointly and severally, claims are asserted for recovery of funeral expenses, sorrow, anguish and all other general damages recoverable under *West Virginia Code §55-7-5, et seq.*

Plaintiff further states his claims against the governmental entity fall within the exception provided in *W.Va. Code* §29-12A-4(c)(2). The individual defendant each acted within the scope of his employment when he negligently trained, negligently failed to supervise, negligently retained and negligently hired defendants Doe and Wilson.

Plaintiff asserts a claim against the governmental entity defendant as being vicariously liable in its negligent employment of defendant Wilson as its police chief, as well as being vicariously liable for its negligent employment of all other defendants and asserts a claim against defendant Wilson in his official capacity as police chief arising from his negligent hiring, negligent retention and negligent supervision of defendants Doe. Plaintiff asserts a claim against defendant City of Bluefield as vicariously liable for the negligent acts and omissions of defendant Wilson as police chief, under the doctrine of *respondent superior.*

WHEREFORE, plaintiff demands judgment against the defendants, jointly and severally, in an amount in excess of this court minimum jurisdictional limit so as to fully and fairly compensate for all damages, as well as costs, attorney fees, punitive damages, prejudgment interest and such further relief as the Court may deem appropriate. Punitive damages are not claimed against the governmental entity.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Donica Early, Administratrix
By Counsel

/s/ Matthew J. Woelfel
Matthew J. Woelfel, Esq. (WVSB# 10393)
WOELFEL & WOELFEL LLP
801 Eighth Street
Huntington, WV 25701
(304) 522-6249
*Counsel for Plaintiff*

United States of America

State of West Virginia  County of Mercer, ss:

# Letter of Administration

### Estate of DONALD RAY ADAMS

I, Verlin T Moye, Clerk of the Mercer County Commission, in the State of West Virginia, do hereby certify that DONICA M EARLY was on the 8th day of February, 2013, appointed by the Mercer County Commission as administratrix(s) of the Estate of DONALD RAY ADAMS, duly qualified as such by taking oath prescribed by law, and by giving approved bond in the sum of $20,000.00, as required by law.

NOW THEREFORE, be it known that said appointment is now in full force and effect and that full faith and credit are due and should be given to all the acts of the said DONICA M EARLY as such administratrix(s) of the Estate of DONALD RAY ADAMS, as well in all jurisdictions, as elsewhere.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the Mercer County Commission at my office in said County on the 8th day of February, 2013.

*Verlin T Moye*
Verlin T Moye
Clerk of the Mercer County Commission

By _____
M. L. Jones, Fiduciary Clerk